UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Daniel Torrez | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND TO STATE COURT (DKT. 13)**
**JS6: CASE TERMINATED**

**I.   Introduction**

On June 27, 2024, Bertha Camacho de Cedillo ("Plaintiff") filed this action against Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), Brian Stenberg ("Stenberg" or "Defendant Stenberg") and Does 1–100 (collectively, "Defendants") in the Los Angeles County Superior Court. Dkt. 1-2 (the "Complaint"). The Complaint advances four causes of action: (1) discrimination in violation of the Fair Employment & Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) harassment in violation of FEHA; and (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA. *Id.* ¶¶ 21–50. Only the third cause of action is alleged against Defendant Stenberg. *Id.* at 11. On August 22, 2024, Defendants filed a notice of removal. Dkt. 1.

On September 9, 2024, Plaintiff filed a Motion to Remand to State Court (the "Motion"). Dkt. 13. On September 26, 2024, Defendants filed an opposition to the Motion (the "Opposition"). Dkt. 15. On September 30, 2024, Plaintiff filed a reply to the Motion (the "Reply"). Dkt. 22.

A hearing on the Motion was held on November 4, 2024, and it was taken under submission. Dkt. 28. For the reasons stated in this Order, the Motion is **GRANTED**.

**II.   Background**

   A.   Parties

It is alleged that Plaintiff was an employee of Home Depot. Dkt. 1-2 ¶ 11. It is alleged Plaintiff resides in Los Angeles County. *Id.* ¶ 1.

It is alleged that Defendant Home Depot is a corporation authorized to do business in the State of California. *Id.* ¶ 2. It is alleged that Defendant Stenberg is a resident of Los Angeles, California. *Id.* It is alleged that Stenberg is a Store Manager at Home Depot. *Id.* ¶ 14(c). It is alleged that Does 1 through 100 functioned as the agents, servants, partners, or employees of the co-defendants. *Id.* ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

        B.      Allegations in the Complaint

It is alleged that Plaintiff began working at Home Depot on November 13, 1999. *Id.* ¶ 11. It is alleged that, throughout her 22-year career at Home Depot, Plaintiff only received positive reviews about her job performance. *Id.* ¶ 14(a). It is alleged that in 2017, Plaintiff tore both of her Achilles tendons, and was then placed on a medical leave of absence from August 2017 to October 2017. *Id.* ¶ 14(b).

It is alleged that, upon her return from leave in October 2017, Plaintiff was repeatedly scheduled to work on shifts of eight to ten hours, notwithstanding a note from her treating physician. *Id.* ¶ 14(c). It is alleged that Stenberg, the Store Manager, continually made remarks related to Plaintiff having taken a medical leave of absence. *Id.* It is alleged that after Plaintiff's completion of certain eight-hour shifts, Stenberg would often say to Plaintiff, "[L]eaving early again, huh?" *Id.*

It is alleged that in 2019, Plaintiff inquired about open positions and promotions for which she could qualify, and an unnamed employee remarked, "When are you going to retire? Don't you think it's time for you to retire?" *Id.* ¶ 14(d). It is alleged that, in 2020, Plaintiff was diagnosed with anxiety and depression. *Id.* ¶ 14(e). It is alleged that Plaintiff disclosed this diagnosis to Stenberg and Mike Brossin ("Brossin"), Special Manager. *Id.* It is alleged that Plaintiff provided Stenberg and Brossin a doctor's note, which stated that Plaintiff could not work shifts that were more than eight hours. *Id.* It is alleged that Defendants nevertheless continued to schedule Plaintiff to work ten-hour shifts. *Id.*

It is alleged that, in January 2020, Plaintiff was placed on a 90-day work restriction by her doctor, which was stated in a note provided to Plaintiff by the doctor. *Id.* ¶ 14(f). It is alleged that when Plaintiff gave the note to Stenberg, he responded in a hostile manner, and said that he would not honor the note, but would provide the note to the Human Resources department. *Id.* It is alleged that Stenberg never provided this note to anyone in the Human Resources department. *Id.* ¶¶ 14(f), 14(h).

It is alleged that no proposed work restrictions were ever documented in Plaintiff's HR file nor submitted to HR. *Id.* ¶ 14(h). It is alleged that, on February 20, 2020, Stenberg yelled at Plaintiff in front of other associates and customers and said: "Okay, your 30 days are up. What are you going to do? I'm not going to continue putting up like this." *Id.* ¶ 14(g). It is alleged that Plaintiff felt threatened by these remarks and believed Stenberg was going to terminate her employment her on the spot. *Id.* It is alleged that Plaintiff told Stenberg that she had a valid 90-day work restriction, but Stenberg refused to honor it. *Id.*

It is alleged that the District Human Resources Manager, Pat Doe ("Pat") told Plaintiff that Stenberg had handled Plaintiff's case incorrectly and instructed Plaintiff to submit a new form as to work restrictions and go on disability leave. *Id.* ¶ 14(i). It is alleged that Plaintiff was placed on a leave of absence effective February 20, 2020, and that it continued to April 14, 2021. *Id.* ¶ 14(j). It is alleged that during this leave, each month Plaintiff sent a doctor's note to Defendants as to her condition. *Id.* It is alleged that Plaintiff was terminated on April 14, 2021. *Id.* ¶ 15.

It is alleged that due to Defendants' conduct, Plaintiff has suffered and continues to suffer harm, including lost past and future wages, psychological harm and emotional distress. *Id.* ¶¶ 16–17.

        C.      Remedies Sought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

Plaintiff seeks general, special and punitive damages, pre- and post- judgment interest on all damages awarded, attorney's fees and costs, and declaratory relief. *Id.* at 13.

**III.    Analysis**

      A.    Legal Standards

          1.    Motion to Remand

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *see Hunter*, 582 F.3d at 1042 (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); *see also Hunter*, 582 F.3d at 1042 (there is a "strong presumption against removal jurisdiction" and courts should "resolve[] all ambiguity in favor of remand to state court") (citation omitted). The removing party has the burden of establishing that it is proper to do so. *Id.* (citation omitted). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

          2.    Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.' " *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit has explained that it is more appropriately compared to the " 'wholly insubstantial and frivolous' " standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citation omitted). Furthermore, the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see also Arteaga v. FCA US LLC*, No. CV 20-2702-DMG, 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM, 2013 WL 815975, at *4–5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law . . . the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent[,]" *McCabe*, 811 F.2d at 1339 (citation omitted), the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

        3.    <u>Statute of Limitations and Continuing Violation Doctrine</u>

A cause of action for a violation of the FEHA must first be brought through an administrative complaint filed with the DFEH. *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 349 (1993), *as modified on denial of reh'g* (Aug. 20, 1993); *overruled on other grounds by Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798 (2001). There is a three-year statute of limitations from the "date upon which the alleged unlawful practice or refusal to cooperate occurred" for a plaintiff to file a complaint with the DFEH for alleging a "violation of Article 1 (commencing with Section 12940) of Chapter 6." Cal. Gov't Code § 12960(e)(5).

If a complaint is not filed within the statute of limitations, those claims are time-barred. However, under the continuing violation doctrine, "an employer is liable for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct that occurred within the limitations period." *Yanowitz v. L'Oréal USA, Inc.*, 36 Cal. 4th 1028, 1056 (2005) (citation omitted). "[T]he FEHA statute of limitations begins to run when an alleged adverse employment action acquires some degree of permanence or finality," but not sooner. *Id.* at 1059 (citation omitted). The continuing violation doctrine is premised on the principle that "the employer that creates or permits a persistent pattern of harassment or failure to reasonably accommodate that makes its working conditions unfavorable to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

employee . . . cannot complain of delay when the employee retains employment in hopes that informal conciliation will succeed." *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 822 (2001).

Courts consider the following factors in assessing whether the continuing violation doctrine applies:

> whether "the employer's actions were (1) sufficiently similar in kind—recognizing, as this case illustrates, that similar kinds of unlawful employer conduct, such as acts of harassment or failures to reasonably accommodate disability, may take a number of different forms . . . ; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence."

*L'Oréal USA, Inc.*, 36 Cal. 4th at 1059 (quoting *Richards*, 26 Cal. 4th at 823).

" '[P]ermanence' . . . should properly be understood to mean the following: that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." *Richards*, 26 Cal. 4th at 823.

    B.    Application

Defendant argues that the removal of this action was proper and that remand should be denied for two reasons. *First*, Stenberg was fraudulently joined as a defendant and he should be disregarded because the claims against him are barred by the statute of limitations. Dkt. 15 at 13. *Second*, Defendant argues that its notice of removal sufficiently established that the amount in controversy exceeds $75,000, based on Plaintiff's allegations of past and future lost earnings. *Id.* at 18–21.

Plaintiff responds that removal of this action was improper and remand is necessary for three reasons. *First*, Defendant has failed to show complete diversity on removal because Stenberg is a citizen of California. Dkt. 13 at 15. *Second*, Defendant has not met its burden to establish that Stenberg was fraudulently joined because Plaintiff alleges a claim of harassment against Stenberg and her claim is not time-barred under the continuing violation doctrine. *Id.* at 18–26. *Third*, Defendant has not demonstrated that the amount in controversy exceeds $75,000. *Id.* at 27–29.

    1.    <u>Defendant Stenberg is Non-Diverse</u>

It is undisputed that, like Plaintiff, Stenberg is a citizen of California. Dkt. 13 at 15; *see* Dkt. 15 at 10 (referring to Stenberg as a "non-diverse" defendant). If he remains a defendant, it would defeat diversity jurisdiction. Thus, the issue is whether it can be determined that Stenberg was fraudulently joined as a party to this action such that his citizenship should not be considered in assessing whether there is diversity jurisdiction.

    2.    <u>Whether Plaintiff has a Viable Claim Against Defendant Stenberg</u>

As noted, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.' " *Grancare*, 889 F.3d at 549 (quoting *Hunter*, 582 F.3d at 1046) (alterations and emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

Plaintiff alleges a claim for harassment against Stenberg. Dkt. 1-2 at ¶¶ 35–42.[1] Defendant argues that Plaintiff's allegations against Defendant Stenberg are insufficient on the merits. Dkt. 15 at 14–17. However, the primary dispute is whether the statute of limitations bars any claim by Plaintiff against Stenberg.

Plaintiff submitted her administrative complaint to the DFEH on December 29, 2023. *See* Dkt. 1-1. Accordingly, Defendant argues that only conduct that allegedly occurred after December 29, 2020, is actionable when the FEHA statute of limitations is applied. Dkt. 15 at 13. Defendant argues that Plaintiff's termination on April 14, 2021, is the only conduct alleged to have occurred after December 29, 2020, and the allegations in the Complaint are insufficient to connect Stenberg with Plaintiff's termination. *Id.* at 13–14. Further, Defendant argues that the continuing violation doctrine does not "save [Plaintiff's] time-barred allegations against Stenberg," because even if Stenberg were involved with the termination decision, a termination decision is not an act of harassment. *Id.* at 14–16 (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996)).

Defendant is correct that the allegations specifically made as to Stenberg's conduct were alleged to have occurred prior to December 29, 2020. *See* Dkt. 1-2 ¶ 14. However, to meet the high burden required to show fraudulent joinder as a result of the application of a statute of limitations, Defendant "would need to establish that the continuing violation doctrine, which applies to the [FEHA] claims Plaintiff brings against [Stenberg] . . . unequivocally d[oes] not apply." *See Ramirez v. Quad Graphics, Inc.*, No. EDCV 23-62 JGB (KKx), 2023 WL 3254979, at *6 (C.D. Cal. May 4, 2023). To do so, Defendant would need to show that any claim Plaintiff could make linking Stenberg's alleged harassing conduct to the termination decision would be "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 549 (citation omitted). Defendant has not made such an unequivocal showing.

*First*, that Plaintiff has not expressly alleged that Stenberg played some role in the decision to terminate her employment with Home Depot,[2] is not dispositive of the issue presented by the Motion. The standard for stating a claim when reviewed in connection with a motion to remand requires consideration of "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Defendant has not addressed the argument that Plaintiff may have the ability to "cure the Complaint by amending." Dkt. 13 at 27.

---

[1] Plaintiff argues that she has established the elements of a prima facie case of harassment against Stenberg. Dkt. 13 at 17. To state a claim for harassment, Plaintiff must show that she: (1) the belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on her protected group classification; and (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive working environment. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989). Plaintiff alleges she belongs to a protected group due to her disability. Dkt. 13 at 17. Plaintiff contends that Stenberg, her supervisor, harassed her because of her disability. Dkt. 13 at 18 (citing *Roby v. McKesson Corp.*, 47 Cal. 4th at 706–09). Plaintiff contends this harassment was severe and pervasive, and created a hostile work environment. Dkt. 13 at 21.

[2] In the Complaint, it is alleged that "[o]n April 14, 2021, Defendant called Cedillo and notified her that she was terminated from the company." Dkt. 1-2 ¶ 15. Defendant argues, and Plaintiff does not dispute, that the term "Defendant" as used in Paragraph 15 of the Complaint, refers to Home Depot. Dkt. 15 at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

*Second*, reasonable inferences made from the allegations in the Complaint demonstrate that Plaintiff "*could* allege enough facts to show that the continuing violation doctrine applied through amendment." *Ramirez*, 2023 WL 3254979, at *6 (emphasis in original). As noted, it is alleged that, upon Plaintiff's return from a medical leave of absence from 2017 and through 2020, Stenberg did the following: (i) ignored the note from Plaintiff's treating physician by scheduling Plaintiff for longer shifts than what the doctor said was appropriate; (ii) made repeated remarks to Plaintiff regarding her having taken a medical leave of absence; (iii) stated that he would refuse to honor a January 2020 note from Plaintiff's treating physician that she required a 90-day work restriction; (iv) failed to give the note from Plaintiff's treating physician to the HR Department, despite stating that he would do so; (v) yelled at Plaintiff in while customers and other employees were present, and said "Okay, your 30 days are up. What are you going to do? I'm not going to continue putting up like this," notwithstanding the aforementioned note from her treating physician; and (vi) refused to honor Plaintiff's 90-day work restriction. *See* Dkt. 1-2 ¶ 14.

It is also alleged that Plaintiff went on a medical leave of absence from February 20, 2020 to April 14, 2021, and on April 14, 2021, Plaintiff was notified of her termination. *Id.* ¶¶ 14(j), 15. Plaintiff argues that "[u]nder the continuing violation doctrine, Stenberg's prior harassment outside of the statutory period, may in fact be tethered to Plaintiff's termination within the statutory period, and viewed as one actionable, course of conduct." Dkt. 22 at 11. In light of the allegations made, Plaintiff's argument is persuasive. It is not unreasonable to conclude, based on the allegations that have been presented, that Stenberg, who was Plaintiff's direct supervisor, may have been involved with the decision to terminate her employment. Defendant has not demonstrated that there is no reasonable possibility that Plaintiff could not amend the Complaint to allege a causal link between Stenberg's alleged conduct and a role in the termination decision, as well as a nexus between that decision and the alleged harassment by Stenberg.[3]

*Third*, Defendant has not established that, under California law, termination cannot constitute harassment. As noted, Defendant argues that "[m]aking a termination decision is not an act of harassment." Dkt. 15 at 15. Defendant cites *Janken*, which held that "commonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment." 46 Cal. App. 4th at 64–65. However, as noted by Plaintiff, the California Supreme Court has since determined that "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Roby v. McKesson Corp.*,

---

[3] Defendant has proffered a declaration from Patti Olmstead, the District Human Resources Manager for Defendant, in which Olmstead declares: "I called Bertha Camacho De Cedillo and informed her of her employment termination. Brian Stenberg was not on the call and did not participate in the call." Dkt. 15-2 ¶ 2. That Stenberg did not communicate the termination decision to Plaintiff is not itself sufficient to show that Plaintiff cannot amend the Complaint as stated above. Nor does it meet the aforementioned standard that, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *accord Negherbon v. Wells Fargo Bank,* No. 15-cv-02368-JCS, 2015 WL 6163570, at *6 (N.D. Cal. Oct. 21, 2015) ("Defendants have not demonstrated that [plaintiff] could not amend the complaint to allege specific conduct by [non-diverse defendant] related to [corporate defendant's] alleged refusal to respond to [plaintiff's] communications and her eventual termination.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-07144 JAK (Ex) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Bertha Camacho de Cedillo v. Home Depot U.S.A. Inc., et al. | | |

47 Cal. 4th 686, 709 (2009). Further, where such actions establish "a widespread pattern of bias," they can provide evidentiary support for a harassment claim. *See id.* (citation omitted). Accordingly, Plaintiff's argument that the allegations as to the "pattern of Stenberg's harassing conduct and the wrongful termination of Plaintiff's employment"—"demonstrate[] a hostile message" to Plaintiff that she was "unwelcome due to her disabilities," (Dkt. 22 at 10), is persuasive. *See Negherbon,* 2015 WL 6163570, at *6–7 (allegations of supervisor's hostile comments combined with official employment actions, including eventual termination, "may have reinforced an underlying hostile message" sufficient to comport with *Roby*).

*Finally*, there is a non-frivolous dispute as to whether the termination of Plaintiff may constitute harassment. Accordingly, whether the continuing violation doctrine applies to Stenberg's alleged conduct, creates a sufficient basis to determine that a state court may "allow Plaintiff leave to amend the Complaint in order to state a claim against [Stenberg]." *Ramirez*, 2023 WL 3254979, at *5. Plaintiff's assertion that her termination may be interpreted as harassment for purposes of the continuing violation doctrine is not "frivolous" or "wholly insubstantial." *See Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 932 (2021) (An otherwise official employment action such as a "promotion decision," can "itself 'constitute[] the *evidentiary basis* of the harassment cause of action, because the supervisor used [an] official action[] as [a] means of conveying his offensive message.' ") (quoting *Roby*, 47 Cal. 4th at 708) (emphasis in original)). Thus, Defendant has not overcome its heavy burden of establishing that Stenberg was fraudulently joined. Accordingly, this ambiguity is to be resolved in favor of a remand to state court. *See Hunter*, 582 F.3d at 1042 (citing *Gaus*, 980 F.2d at 566).

3. Amount in Controversy

Whether the requisite amount in controversy is met for the purposes of establishing diversity jurisdiction, is also an issue on which the parties disagree. However, because there is not a sufficient showing of fraudulent joinder as to Stenberg, it is unnecessary to address whether the amount in controversy is at least $75,000.

**IV. Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. This matter is **REMANDED** to the Los Angeles Superior Court at the Stanley Mosk Courthouse, No. 24STCV16149. All other pending motions are **VACATED** due to the absence of jurisdiction to address them, and may be re-filed upon the remand of this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | DT | |